UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X   NOT FOR PUBLICATION
JAMAL SALTER,

              Plaintiff,
  -against-                              MEMORANDUM AND ORDER
                                               12-CV-1057 (WFK) (LB)
N.Y.C. DEPT. OF CORRECTION;
WARDEN WAYNE LAMONT;
C.O. STEVENS,

              Defendants.[1]
----------------------------------------------------------X
**KUNTZ, United States District Judge:**

On February 27, 2012, *pro se* plaintiff Jamal Salter, currently incarcerated at the Anna M. Kross Center on Rikers Island, filed this action pursuant to 42 U.S.C. § 1983. The Court grants plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, dismisses the complaint in part and directs plaintiff to file an amended complaint within 30 days as set forth below.

### Background

Plaintiff's statement of claim consists of the following: "I was doing law work for my case and someone sneaked behind me and sliced me from the eye to behind my ear on my neck." Compl. at ¶ IV. Plaintiff further alleges "the cut needed ster[ile] strips and dermabond and didn't stop bleeding for weeks it was treated in the OBCC clinic." Plaintiff attaches a handwritten grievance dated January 18, 2012, wherein he refers to the cut on his face among other matters. See Compl., Unmarked Exhibit. Plaintiff seeks $2 million in damages. Compl. at ¶ V.

---

[1] Plaintiff names two additional defendants in section III of the Complaint: Warden Wayne Lamont and C.O. Stevens. The Clerk of Court is directed to amend the caption to reflect these additional defendants.



## Standard of Review

In reviewing the complaint, the Court is aware plaintiff is proceeding *pro se* and "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007). The Court is obliged to construe plaintiff's pleadings liberally and interpret them as raising the strongest arguments they suggest. Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009). Nevertheless, 28 U.S.C. § 1915A requires this Court to screen a civil complaint "in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" and thereafter "dismiss the complaint, or any portion of the complaint," if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. §1915A(a) & (b)(1). See Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007) (discussing *sua sponte* standard pursuant to §1915A).

## Discussion

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. To sustain a claim pursuant to § 1983, a plaintiff must show the defendants (a) acted under color of state law (b) to deprive the plaintiff of a constitutional right. Pitchell v. Callan, 13 F.3d 545, 548 (2d Cir. 1984).

The complaint cannot proceed against the New York City Department of Correction. Section 396 of the Charter provides "[a]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law." N.Y. City Charter § 396 (2009). That provision has been construed to mean New York City departments, as distinct from the City itself, lack the

2

capacity to be sued. Ximines v. George Wingate High Sch., 516 F.3d 156, 160 (2d Cir. 2008); Adams v. Galletta, 966 F.Supp.210, 212 (E.D.N.Y. 1996) (DOC not a suable entity); see also Williams v. GMDC C-73, No. 11-CV-5216, 2012 WL 10391, at *2 (E.D.N.Y. Jan. 3, 2012) (citing cases). Accordingly, the complaint is dismissed against the New York City Department of Correction pursuant to 28 U.S.C. § 1915A(b).

The complaint cannot proceed against Warden Wayne Lamont. Plaintiff provides no facts to support a claim against this defendant, therefore, the Court presumes plaintiff seeks to sue this defendant in his supervisory role as the Warden. However, such a claim must fail. As a prerequisite to a damage award under 42 U.S.C. § 1983, a plaintiff must allege the defendant's direct or personal involvement in the alleged constitutional deprivation. "It is well-settled in this Circuit that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." Farrell v. Burke, 449 F.3d 470, 484 (2d Cir. 2006) (quoting Wright v. Smith, 21 F.3d 496, 501 (2d Cir. 1994)). Here, plaintiff fails to make any allegations against defendant Lamont to suggest he had any direct involvement with, knowledge of, or responsibility for the injury plaintiff sustained while incarcerated on Rikers Island. Farrell, 449 F.3d at 484. Moreover, the United States Supreme Court has held "[b]ecause vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution," however, plaintiff has failed to do so here. Ashcroft v. Iqbal, 129 S.Ct. 1937, 1948 (2009). Accordingly, the complaint is dismissed against Warden Lamont pursuant to 28 U.S.C. § 1915A(b).

3

Finally, the complaint must also be dismissed against defendant C.O. Stevens. Here again, plaintiff provides no facts against this defendant. The Federal Rules of Civil Procedure require a complaint contain 'a short and plain statement of claim showing that the pleader is entitled to relief,' and that each averment be 'concise and direct.'" Simmons v. Abruzzo, 49 F.3d 82, 86 (2d Cir. 1995) (quoting Fed. R.Civ. P. 8(a)(2), 8(d)(1)). Even if read generously, see Harris, 572 F.3d at 72 (noting that *pro se* complaints should be liberally construed), plaintiff has failed to plead the factual support required to sustain a claim against C.O. Stevens. A complaint must contain sufficient factual content to allow the district court "to draw the reasonable inference that the defendant [was] liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S.Ct. at 1949; see also Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007) (a complaint must plead "enough facts to state a claim to relief that is plausible on its face"). It is unclear to the Court why plaintiff has named C.O. Stevens in this action.

### Leave to Amend

If a liberal reading of the pleading "gives any indication that a valid claim might be stated," the Court must grant leave to amend it. See Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000). Plaintiff alleges he sustained a serious wound to his face, but fails to allege any facts to show what defendant C.O. Stevens did or failed to do that violated plaintiff's civil rights. Without additional information, the Court cannot determine whether plaintiff has stated a cognizable claim against C.O. Stevens. Therefore, the Court grants plaintiff leave to file an amended complaint within 30 days from the date of this order.

In the amended complaint, plaintiff must provide facts to show how C.O. Stevens was

4

personally involved in the alleged deprivation of his constitutional rights. Plaintiff must also provide a short statement of claim, including the dates and times of all relevant events to the best of his recollection. The amended complaint shall replace the original complaint.

## Conclusion

Accordingly, the complaint, filed *in forma pauperis*, is dismissed as to the New York City Department of Correction and Warden Wayne Lamont for failure to state a claim pursuant to 28 U.S.C. § 1915A(b). No summons shall issue as to these defendants.

The Court directs plaintiff to file an amended complaint against defendant C.O. Stevens in order to proceed. If plaintiff elects to file an amended complaint, it shall be captioned "AMENDED COMPLAINT" and bear the same docket number as this order, 12-CV-1057 (WFK) (LB) and shall be filed within 30 days from the entry of this order. If plaintiff fails to file an amended complaint within the time allowed or show good cause why he cannot comply, the action shall be dismissed in its entirety and judgment shall enter. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

William F. Kuntz, II
United States District Judge

Dated: Brooklyn, New York
April 9, 2012